IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wilbur O. Billy Powers; Helen M. Beane; and Powers Properties, | ) ) ) C/A No.: 4:21-3187-JD-KDW |
| Plaintiffs, | ) ) |
| v. | ) REPORT AND RECOMMENDATION ) ) |
| Seth Reaves and Jane Doe, | ) ) |
| Defendants. | ) ) ） |

Seth Reaves and Jane Doe ("Defendants") proceeding pro se, filed a notice of removal that purports to remove an Application for Ejectment (Eviction) filed by Powers Properties ("Plaintiff") in the Florence County Magistrate Court, Case No. 2021CV2110102728. ECF No. 1. All pretrial proceedings in this matter were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). For the reasons that follow, the undersigned recommends this matter be remanded for lack of subject matter jurisdiction.

I.   Factual and Procedural Background

Defendants seek to remove an ejectment action associated with property located at 1509 Willow Trace Dr., Apt. F, Florence, SC. ECF No. 1-1. Defendants allege they are removing the action because they have purportedly filed a Complaint asserting

> claims pursuant to 42 U.S.C. '1983, 18 USC 873, Title VIII of the 1968 Civil Rights Act, 42 USC 3532-45-3537, violation of the Fourteenth Amendment to the United States Constitution, and state law.

ECF No. 1 at 1.

II.   Discussion

The removal statute, 28 U.S.C. § 1441, allows a state-court defendant to remove a case to a federal district court if the state-court action could have been originally filed there. *See*

*Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 186 (4th Cir. 2002). Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there is federal question jurisdiction under 28 U.S.C. § 1331. Federal courts have held that removal statutes are to be construed against removal jurisdiction and in favor of remand. *See*, *e.g.*, *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990); *Bellone v. Roxbury Homes, Inc.*, 748 F. Supp. 434, 436 (W.D. Va. 1990). A federal court should remand the case to state court if there is no federal subject matter jurisdiction evident from the face of the notice of removal and any state court pleadings provided. *Ellenburg v. Spartan Motor Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Thus, *sua sponte* remand is available under appropriate circumstances.

Defendants fail to identify a viable jurisdictional basis for the removal of this Eviction action under 28 U.S.C. § 1331. The essential allegations of Plaintiff's Application for Ejectment (Eviction) do not allege that the case is one "arising under the Constitution, laws, or treaties of the United States." *See* ECF No. 1-1. To the extent Defendants attempt to raise a defense to the Ejectment by arguing Plaintiffs have violated federal statutes and the United States Constitution by awarding tenants rent credits for reporting violations of the trash rules, such defenses do not establish removal jurisdiction. *See Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (explaining that a defense that raises a federal question is inadequate to confer federal jurisdiction); *Cook v. Georgetown Steel Corp.*, 770 F.2d 1272, 1275 (4th Cir. 1985) ("A federal defense to a state cause of action is not sufficient to invoke federal jurisdiction."); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830–31 (2002) ("Allowing a counterclaim to establish 'arising under' jurisdiction would also contravene the longstanding policies underlying our precedent" by allowing "a defendant to remove a case brought in state court under state law,

thereby defeating a plaintiff's choice of forum, simply by raising a federal counterclaim."); *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005) ("In general, original jurisdiction is lacking unless there is diversity of citizenship or a federal question is presented on the face of the plaintiff's properly pleaded complaint . . . [A] case may not be removed to federal court solely because of a defense or counterclaim arising under federal law."). Because removal of this case under federal question jurisdiction is improper, the case should be remanded to state court.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge remand this matter to the Florence County Magistrate Court for lack of subject matter jurisdiction. Because this is only a recommendation, the Clerk of Court shall not immediately certify this matter to the Florence County Magistrate Court, but shall forward the case file and any objections to the United States District Judge for a final disposition.

IT IS SO RECOMMENDED.

October 4, 2021                                    Kaymani D. West
Florence, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).