IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Wilbur O. Billy Powers; Helen M. Beane; and Powers Properties, | ) ) ) | Case No.: 4:21-3187-JD |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **ORDER & OPINION** |
| Seth Reaves and Jane Doe, | ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Kaymani West, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Wilbur O. Billy Powers, Helen M. Beane, and Powers Properties ("Plaintiffs") filed an Application for Ejectment ("Eviction") against Seth Reaves and Jane Doe ("Defendants") in Florence County Magistrate Court, Case No. 2021CV2110102728, on September 14, 2021. (DE 9, p. 2.) Plaintiffs' Eviction seeks to evict Seth Reaves and "ALL OCCUPANTS" from the property located at 1509 Willow Trace Dr., Apt. F, Florence, SC 29501, for failure to pay $1,932.00 of rent. (DE 1-1, p. 4.)

Defendants, proceeding *pro se* and *in forma pauperis*, filed a Notice of Removal on September 30, 2021, removing the State court Eviction action to this Court and attaching a

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

document titled "Complaint and Jury Demand" asserting federal and state law causes of action.[2] (DE 1, p. 5 - 20.)  The Report, *sua sponte*, recommends remanding this case to State court for lack of subject matter jurisdiction because *inter alia* Defendants have failed to identify a viable jurisdictional basis for the removal of this Eviction action under 28 U.S.C. § 1331 and 28 U.S.C. § 1441.  Furthermore, the Report notes that "[t]o the extent Defendants attempt to raise a defense to the Ejectment by arguing Plaintiffs have violated federal statutes and the United States Constitution by awarding tenants rent credits for reporting violations of the trash rules, such defenses do not establish removal jurisdiction."  (DE 9, p. 2); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 393, 107 S. Ct. 2425, 2430, 96 L. Ed. 2d 318 (1987) ("Thus, it is now settled law that a case may not be removed to federal court on the basis of a federal defense. . . .").

Although Defendants have filed an objection to the Report (DE 14), to be actionable, objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)).  "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir.

---

[2]     Although Defendants contend that this Court has subject matter jurisdiction due to a federal question asserted in the document titled "Complaint and Jury Demand" attached to its Notice of Removal (which the Court takes no position regarding its legal effect or application), a review of Plaintiffs' State court pleadings reveals that the Plaintiffs' Eviction application only asserts a State law claim against the Defendants.

2003). "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an "objection" for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The Defendants raise several objections, which go to the heart of its claims and defenses against the Plaintiffs in its Eviction application, but they do not address whether this Court has federal question subject matter jurisdiction. Moreover, the Magistrate has comprehensively and in detail addressed this Court's lack of federal question subject matter jurisdiction, even if the Court were to consider Defendants documents as affirmative defenses and/or a counterclaim to Plaintiffs' Eviction application. See Caterpillar Inc. v. Williams, supra. Therefore, the Court overrules all of Defendants' objections because they were already addressed in the Report. Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and incorporates it herein and remands this case to the Florence County Magistrate Court.

It is, therefore, **ORDERED** that Defendants' Notice of Removal (DE 1) is remanded, and the Court declines to rule on all remaining outstanding motions because it lacks subject matter jurisdiction.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
November 3, 2021

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that they have the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.